


*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein* | *36 South Charles Street* | *DIRECT: 410-209-4860* |
| *United States Attorney* | *Fourth Floor* | *MAIN: 410-209-4800* |
| | *Baltimore, Maryland 21201* | *FAX: 410-962-3124* |
| *James G. Warwick* | | *TTY/TDD: 410-962-4462* |
| *Assistant United States Attorney* | | |

*James.Warwick@usdoj.gov*

July 2, 2014

Paul Hazlehurst, Esquire
Assistant Federal Public Defender
100 South Charles Street, Tower II
Baltimore, MD 21201

   Re: United States v. Rasan Byrd
     <u>Criminal No. RDB-14-0186</u>

Dear Mr. Hazlehurst:

   This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). This plea is tendered pursuant to Rule 11(c)(1)(C). The agreed sentence is fourteen (14) years on Count One of the pending Indictment. If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

   1. The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of said offense and will so advise the Court.

<u>Elements of the Offense</u>

   2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Count One:

   a. The defendant knowingly, unlawfully and intentionally became a member of a conspiracy;

Revised 11/5/09

     b.     The purpose of the conspiracy was to distribute and possess with the intent to distribute cocaine and marijuana;

     c.     The quantities of cocaine exceeded five kilograms and the quantities of marijuana exceeded one thousand kilograms: and

     d.     At least one overt act was committed in furtherance of the conspiracy in the state of Maryland.

## Penalties

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: forty years imprisonment with a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841 (b)(1)(A), a $10,000,000 fine, and a term of supervised release of not more than five years. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.   This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]   If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.   The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.   The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

     a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.   That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

     b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.   Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.   The jury would be instructed that the Defendant was presumed to be innocent, and

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.   The Defendant would have the right to confront and cross-examine the government's witnesses.   The Defendant would not have to present any defense witnesses or evidence whatsoever.   If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.   If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.   By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.   By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.   Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status.   Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.   The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      (a) This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond reasonable doubt, and to the following applicable sentencing guidelines factors:

Rasan Byrd conspired with Richard Byrd, Maurice Jones, Thurston Lindsey and others to distribute and possess with the intent to distribute quantities of cocaine and marijuana.  Rasan Byrd supervised the Arizona-based activities of the drug conspiracy.   Large quantities of cocaine and marijuana were obtained from sources of supply in Arizona.   The drugs needed to be checked for quality, weighed, packaged, and then shipped to from Arizona to Maryland and other destinations in the eastern United States.   Rasan Byrd supervised several workers who weighed the cocaine and marijuana, then wrapped the drugs in plastic and in other containers to avoid detection by law enforcement.   Rasan Byrd then oversaw the shipment of the drugs. His associates in Baltimore included Harold Byrd, Josef Byrd, Jerome Castle and Maurice Jones.

Rasan Byrd had Thurston Lindsey and others deliver drugs to a shipping company in Scottsdale, Arizona.   The drugs were then shipped east, often to Baltimore.   Investigators obtained a search warrant for premises at 5819 Moravia Road, Baltimore, MD from United States Magistrate Judge Timothy J. Sullivan.   The premises are commercial in nature and were used to accept deliveries of quantities of cocaine and marijuana shipped from Arizona.

On April 22, 2013, Maurice Jones, Harold Byrd, Josef Byrd, and Jerome Castle were taken in custody during the execution of a search warrant at 5819 Moravia Road, Baltimore, MD. Approximately 350 pounds of marijuana shipped by Rasan Byrd and Thurston Lindsey in Arizona had just been delivered and was seized at the Moravia Road premises.   Additional warrants executed at the residences of Josef Byrd and Harold Byrd resulted in the seizure of ten kilograms of cocaine, which had also been shipped from Arizona. In Arizona, over 500 pounds of marijuana and sixteen kilograms of cocaine were seized from a shipping company after Lindsey had delivered them for shipment to Baltimore.   Between 2009 and April 22, 2013, approximately eighty-eight (88) shipments containing cocaine and marijuana were sent under the supervision of Rasan Byrd to the Moravia Road location, or to other addresses in Baltimore.

The aforementioned conduct constitutes the crime of conspiracy to distribute and possess with the intent to distribute more than 10,000 kilograms of marijuana, a Schedule I controlled substance, and more than five kilograms of cocaine, a Schedule II controlled substance.   Under Guideline Section 2D1.1(c)(2), a base offense level of 36 applies to the conduct of Rasan Byrd in

4

this case and was the subject of the instant offense.   In addition, a two-level upward adjustment in the offense level under Guideline Section 3B1.1(c) is appropriate given the Defendant was an organizer, leader, manager and supervisor of the drug activities in Arizona.   The total offense level is 38.

(b) The United States does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct.   This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty.   The net offense level is 35. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**(c)   The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a total sentence of fourteen years (168 months) imprisonment on Count One is the appropriate disposition of this case.   This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of supervised release.   In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void.   Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).**

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.     This Office and the Defendant agree that with respect to the calculation the advisory guidelines range,   no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines   will be raised or are in dispute.     The Defendant may raise factors contained in 18 U.S.C. §3553(a) in mitigation of sentence.

<u>Obligations of the United States Attorney's Office</u>

9.     At the time of sentencing, this Office will move to dismiss any open counts against the Defendant and will recommend a sentence at some point within the applicable guideline range.   The United States will also refrain from filing a notice under 21 U.S.C. Section 851, which would further enhance the sentence of Rasan Byrd.

10.     The parties reserve the right to bring to the Court's attention at the time of

sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

11.      In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed, including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.    In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.    Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.    As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.

The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

13.    The Defendant expressly understands that the Court is not a party to this agreement.✳ In the federal system, the sentence to be imposed is within the sole discretion of the Court.   In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.   The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.   Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.   The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.   The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement.   The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.   The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

14.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.   The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

7

✳ Except as set forth in paragraph 6.(c) of the plea agreement.

James G. Warwick
Assistant United States Attorney

      I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.   I understand it, and I voluntarily agree to it.   Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.   I am completely satisfied with the representation of my attorney.

__10__/__10__/__14__                                
Date                                      Rasan Byrd

      I am Mr. Rasan Byrd's attorney.   I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.   He advises me that he understands and accepts its terms.   To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

__10__/__10__/__14__                                
Date                                     Paul Hazlehurst, Esq.